(13 Misc. Rep. 205.)

FORD v. SCHLOSSER.

(Common Pleas of New York City and County, General Term.    June 3, 1895.)

1. BOUNDARIES—PRACTICAL LOCATION.
    Where adjoining owners erect buildings with reference to the supposed boundary line between them, there is a practical location of such boundary.

2. VENDOR AND PURCHASER—MARKETABLE TITLE.
    An objection that the vendor did not have title to a portion of the premises sold, and therefore could not give a marketable title, is merely technical where the vendor and his predecessors had been in possession of the entire premises under claim of title for the statutory period, and will not justify the purchaser in refusing to complete the contract.

Appeal from trial term.

Action by Thomas Ford against Jacob Schlosser to recover $1,000, part purchase money paid on a contract for the sale of real property, and for damages for breach of such contract. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

Thompson & Koss, for appellant.

Davis & Kaufmann (Edward Kaufmann, of counsel), for respondent.

DALY, C. J. The defendant, Jacob Schlosser, on October 7, 1893, contracted to sell to the plaintiff, Thomas Ford, for $34,500, three lots of land in the city of New York, known by the street numbers 323, 325, and 327 West Eleventh street, formerly Hammond street, and described as follows: "Beginning at a point on the northerly side of West 11th street, distant 117 feet 3 inches westerly from the westerly side of Greenwich street, and running thence northerly 95 feet 4 inches, running thence westerly 25 feet, thence southerly 2 inches, thence again westerly 48 feet 1 inch, and thence again southerly 95 feet 5 inches, to the said northerly side of West 11th street, and thence easterly 73 feet 6 inches, to the point or place of beginning,"— subject to certain leases. The plaintiff paid $1,000 of the purchase price on the execution of the contract, and this action is brought to recover it back, as well as for damages, on the ground that the defendant was not able to give a good and merchantable title to a portion of the said premises, being a strip of land on the westerly side thereof, 2 feet 10 inches wide, by the entire depth, besides a strip of 4 or 5 inches in the rear. The land which defendant contracted to convey has been in possession of the vendor and his grantors or their tenants since 1836, or nearly 60 years, and has been built upon and inclosed by them since 1854, or over 40 years; and defendant claims title to the strip in question not only by deed, but by prescription and acquiescence of the adjoining owners in the practical location of boundaries, and by adverse possession sufficient to confer a good, merchantable title. The defendant's chain of title is as follows: A deed to him from the executors of Richard V. Kissam, dated April 28, 1891, conveying the property by the above description, and two deeds to Richard V. Kissam,—one from John J. Herring and wife, dated May 9, 1836 (which includes the disputed strip on the west side), and one from Stuart F. Randolph and wife, dated May 24, 1836, which embraces all the remainder of the premises. These latter deeds together convey four lots on the north side of Hammond street with a frontage of 98 feet, which, from the descriptions given in the deeds, are supposed to be situated 115 feet west of Greenwich street, and 168 feet east of Washington street.

The only question in the case arises from a conveyance by Kissam to Lambert Suydam of a portion of the premises, made October 13, 1836. The portion conveyed to Suydam is a lot 25 feet in width by 95 feet in depth, described in such conveyance in different ways,

and which it is contended by plaintiff divested Kissam of the whole premises embraced in his deed from Herring, including the strip in question. The conveyance to Suydam describes the lot (1) as distant 188 feet west of Greenwich street; (2) as the premises conveyed to Kissam by Herring in the deed above referred to; (3) as "the said lot hereby conveyed or intended so to be, being the lot next adjoining the two lots now owned by the said Lambert Suydam of the second part, and on the easterly side thereof"; (4) as distant 168 feet 4 inches easterly from Washington street. These distances do not agree with those in the deeds to Kissam, nor with the actual measurements of the block between Greenwich and Washington streets; and the errors as to location by distances arise from the fact that a false location to the corner of Washington and Hammond streets had been made, and the owners of that corner had encroached with their lot line, and afterwards with their buildings, upon Washington street for a distance of over two feet. The location by distances in the deed of Kissam to Suydam is practically unimportant, since it was especially declared in the deed as the intention of the grantor, and so received by the grantee, that the lot conveyed to Suydam was the lot next adjoining the lots of the latter on the easterly side thereof; and, after Suydam acquired the land so intended to be conveyed to him by Kissam, the boundary between it and the remaining lots of the latter was established by the erection of structures on their respective properties, which have remained undisturbed for over 40 years, in the possession of the parties and their descendants and tenants; the premises so practically located as belonging to Kissam, and occupied by him for that length of time, being the same property contracted to be sold by defendant to the plaintiff. The ownership of the defendant and his grantors and their tenants has never been disputed, and their possession has never been disturbed by Suydam or his heirs, the only parties who could complain; the encroachment, if any, being upon their land. The plaintiff had been able, in fact, to procure from all the heirs of Suydam, save one against whom there was an unsatisfied judgment, a release of the strip upon which the encroachment, if any, was made; so that the only dispute of the title of Kissam is made for the first time by the plaintiff. The practical location of the boundary line between the Kissam and Suydam properties as established between the respective owners, and acquiesced in for so long a period, is not merely evidence of an agreement between them, but is "proof that the location is correct of so controlling a nature as to preclude evidence to the contrary. The acquiescence of adjoining proprietors 40 years in the practical location of a boundary line between their lands is conclusive, although it be proved that such location was originally made under an agreement resulting from a mutual mistake as to facts." Baldwin v. Brown, 16 N. Y. 359. "The doctrine as to practical location of a boundary line is well settled in the courts. It was adopted as a rule of repose, with a view of quieting titles, and rests upon the same ground as the statute in reference to adverse possession which has continued for a period of 20 years. It applies not only to cases of disputed boundaries, but to those which there

can be no real question about." Sherman v. Kane, 86 N. Y. 57–73. See Jones v. Smith, 64 N. Y. 180. "If two adjacent owners agree upon and establish a dividing line between their premises, and actually claim and occupy the land on each side of that line for the statutory period, such possession will be adverse, and will confer a title by prescription." 1 Am. & Eng. Enc. Law, 249, and cases.

The facts established the title as claimed by defendant to the whole property which he contracted to convey. His grantor, Kissam, had an undisputed title by deed in 1836; and that portion of the premises which in that year he conveyed to Kissam was practically located between the adjoining owners so as to leave Kissam in full and undisturbed possession, ever since that time, of the premises which his executors conveyed to defendant and which defendant sold to plaintiff. The possession of the lot by defendant and his grantors for so long a period, the acquiescence of the adjacent owners, and the absence of any dispute about it, make the plaintiff's objection to the title not meritorious, but technical. Meyer v. Boyd, 51 Hun, 291–294, 4 N. Y. Supp. 328. The judgment in favor of the defendant at the trial term was correct, and should be affirmed, for the reasons given by the learned trial judge.

Judgment affirmed, with costs. All concur.